```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ESSEX INSURANCE COMPANY,

    Plaintiff,

v.                                    Civil Action No. 5:09CV23
                                                         (STAMP)
TRI-AREA AMUSEMENT COMPANY,
TRI-AREA AMUSEMENT COMPANY-SOUTH,
SCOTT SAUVAGEOT, PATRICIA SAUVAGEOT,
ARTIE H. SAUVAGEOT, HILDA E. BRICKER
and KENNETH E. BRICKER, JR., as Executor
of the Estate of Kenneth E. Bricker, Sr.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I. Procedural History

Essex Insurance Company ("Essex"), the plaintiff in the above-styled civil action, seeks a declaratory judgment by this Court establishing the rights and duties of the parties in relation to an insurance policy issued to defendants Scott Sauvageot and Patricia Sauvageot d/b/a Tri-Area Amusement. Specifically, Essex asks this Court to recognize that the policy in question provides no duty to defend or indemnify under the circumstances giving rise to the wrongful death and personal injury claims asserted against Tri-Area Amusement Company filed in the Circuit Court of Hancock County, West Virginia, Civil Action No. 08-C-138 W. The defendants in this action include Tri-Area Amusement Company, Scott Sauvageot, and Patricia Sauvageot, who are the insureds and defendants in the state court wrongful death and personal injury action, Tri-Area

Amusement-South, a defendant in the state court action, Artie Sauvageot,[1] former president of Tri-Area Amusement Company and Tri-Area Amusement Company-South, and Hilda E. Bricker and Kenneth E. Bricker, Jr., as Executor of the Estate of Kenneth E. Bricker, Sr., who are the plaintiffs in the state court action. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]

This action currently comes before this Court on Essex's motion for summary judgment,[3] filed on October 30, 2009. Scott Sauvageot and Patricia Sauvageot filed a timely response, to which Essex filed a reply. For the reasons set forth below, this Court finds that Essex's motion for summary judgment must be granted.

## II. Facts

Hilda E. Bricker and Kenneth E. Bricker, Jr., as Executor of the Estate of Kenneth E. Bricker, Sr., filed a civil action in Hancock County, West Virginia, for claims arising out of a motor vehicle accident that occurred on March 2, 2008. The complaint

---

[1]On August 7, 2009, the Clerk of this Court entered default against defendant Artie H. Sauvageot, who failed to plead or otherwise defend within the time provided by the Federal Rules of Civil Procedure.

[2]The parties do not dispute jurisdiction. Essex is an insurance company with its place of incorporation in Delaware and its principal place of business in Virginia. Tri-Area Amusement and Tri-Area Amusement-South were West Virginia corporations, with their principal place of business in West Virginia. All individual defendants are residents of West Virginia. The amount in controversy exceeds $75,000.00, exclusive of costs and interest.

[3]On December 30, 2009, this Court heard oral argument on this motion for summary judgment.

alleges that Jenny Mallicone, owner of Jenny's Mustang Sally's, LLC, a bar, had served alcohol to an already intoxicated individual, Sue Parsons, who then negligently drove her motor vehicle into the motor vehicle in which Kenneth E. Bricker, Sr. was the driver and Hilda E. Bricker was a passenger. The accident killed Kenneth E. Bricker, Sr. As the state action plaintiffs, the Brickers contend that the defendants in the state law action: (1) did not properly display and utilize a blood alcohol chart as required by West Virginia Code § 60-6-24; (2) sold alcoholic beverages and/or nonintoxicating beer to a habitual drunkard who was then intoxicated in violation of West Virginia Code § 60-3-22; (3) sold liquor on Sunday in violation of West Virginia Code § 60-3A-18; and (4) violated West Virginia Code § 60-7-12(a)(4), (a)(5), and (a)(8) by illegally selling nonintoxicating beer and/or alcoholic beverages before 1:00 p.m. on Sunday, illegally selling alcoholic liquors or nonintoxicating beer to someone who was physically incapacitated because of alcohol consumption, and selling alcohol to a non-member or guest of a member of Jenny's Mustang Sally's.

Defendant Tri-Area Amusement Company provided vending and amusement machines, such as pool tables, juke boxes, dart boards and small machines that sit on top of bars, to establishments such as Jenny's Mustang Sally's. The Brickers allege that Jenny's Mustang Sally's or Jenny Mallicone entered into a partnership or

3

joint venture with Artie H. Sauvageot, Tri-Area Amusement Company, or Tri-Area Amusement Company-South. The Brickers believe that the partners or joint venturers all benefitted from the sale of alcohol at Jenny's Mustang Sally's.

The action before this Court arises out of a dispute concerning insurance coverage for Scott Sauvageot and Patricia Sauvageot d/b/a Tri-Area Amusement Company. Scott Sauvageot and Patricia Sauvageot d/b/a Tri-Area Amusement Company purchased an insurance policy, provided by Essex, for commercial general liability coverage. After the Brickers sued the other defendants in state court, Essex brought this declaratory action, in which Essex contends that: (1) coverage is precluded by the "Specified/ Designated Premises/Project Limitation" endorsement and the "Combination General Endorsement" contained in the policy; (2) the "liquor liability" exclusion contained in the Essex policy bars coverage for the Bricker claims; and (3) there was no "occurrence" to trigger coverage under the policy.

On October 30, 2009, Essex filed a motion for summary judgment. Scott Sauvageot and Patricia Sauvageot oppose summary judgment because they believe that they have "rights" under the policy. They dispute the contention that they are in the business of selling alcohol. Further, they assert that the accident that took the life of Kenneth E. Bricker Sr. was an "occurrence" sufficient to trigger the policy.

4

III. Applicable Law

Under Federal Rule of Civil Procedure ("Rule") 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v.

Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

In its motion for summary judgment, Essex argues that the language in the insurance policy sold to Scott Sauvageot and Patricia Sauvageot d/b/a Tri-Area Amusement Company is plain and unambiguous and that the policy clearly excludes coverage for liability in the matters contained in the relevant claims brought

against Tri-Area Amusement Company by the Brickers in the state court action.

Essex points to the following provisions of the Commercial General Liability Coverage policy sold to Scott and Patricia Sauvageot to release Essex from a duty to defend or indemnify:

Section I--Coverages

Coverage a Bodily Injury and Property Damage Liability

1.  Insuring Agreement

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . . .

    b.  This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
. . . .

2.  Exclusions

This insurance does not apply to:

                    * * *

c.  Liquor Liability

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

    (1) Causing or contributing to the intoxication of any person; and/or

(2) Furnishing alcoholic beverages to anyone under legal drinking age or under the influence of alcohol; or

c.) Any statute, ordinance or regulation relating to sales, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.
. . . .

Section V--Definitions
. . . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
. . . .

Combination General Endorsement

THIS ENDORSEMENT AMENDS THE LIABILITY COVERAGE FORM OR COVERAGE PART . . . AND APPLIES TO THE ENTIRE POLICY.

I. Coverage under this insurance is limited to operations described under 'business description' and/or 'classification' on the declarations pages of policy.
. . . .

VII. This insurance does not apply to 'bodily injury', 'property damage', 'personal injury', 'advertising injury' or any injury, loss, or damages, including consequential injury, loss or damage, arising out of, caused or contributed to by:
. . . .

C. alleged negligence or other wrongdoing in the hiring, training, placement, supervision, or monitoring of others by insured; or
. . . .

VIII. Where there is no coverage under this policy, there is no duty to defend.
. . . .

SPECIFIED/DESIGNATED PREMISES/PROJECT LIMITATION
THIS ENDORSEMENT CHANGES THE POLICY.

Schedule

Premises:

3166-70 Main Street, Weirton, WV 26062

Project:

(Complete above if information different than that shown in the Declarations)

This insurance applies only to "bodily injury", "property damage", "personal injury", "advertising injury" and medical expenses arising out of:

1.  The ownership, maintenance or use of the premises shown in the Schedule (or Declarations); or

2.  The project shown in the Schedule (or Declarations).

A.  <u>Discovery</u>

As a preliminary matter, Scott and Patricia Sauvageot contend that summary judgment is not appropriate in this matter because Essex did not engage in discovery. Those defendants argue that because there are no depositions, answers to interrogatories, admissions or affidavits to show that there is no genuine issue of material fact, summary judgment is not appropriate. In this case, Essex has produced excerpts of discovery conducted in the underlying state law action. Essex cites to the pleadings and discovery of the state law action in support of its motion for summary judgment.

For the purpose of this declaratory judgment action, it does not matter whether Tri-Area Amusement Company actually engaged in the business of selling alcohol. This Court does not have to

adjudicate the underlying facts of the state court action in order to decide coverage. See West Virginia Fire & Cas. Co. v. Stanley, 602 S.E.2d 483, 490 (W. Va. 2004) ("[T]he insured's position is based on the fatally flawed notion that in order for the trial court to decide coverage, it must adjudicate the underlying facts. This simply is not true under our law."). The Supreme Court of Appeals of West Virginia has stated that, as a general rule, when a court considers an insurer's duty to defend, it must look to whether the allegations in the complaint "are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance policy." Id. Further, an insurance company's duty to defend is determined primarily by the pleadings in the underlying lawsuit. Id. at 498 (quoting 14 Lee R. Russ, Couch on Insurance § 200:20 (1999)). This Court does not look to the veracity of the pleadings when making the determination. Id.

The plaintiff has shown there are no genuine issues of material fact. The burden then shifts to the defendants to show that there are triable issues of fact. The defendants have failed to meet this burden. With no issues of fact in dispute, coverage issues in an insurance contract are questions of law. Syl. Pt. 1, Tennant v. Smallwood, 568 S.E.2d 10 (W. Va. 2002). This Court now turns to the provisions of the policy.

B.  "Occurrence"

As shown above, the Essex policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  Scott and Patricia Sauvageot contend that the automobile accident between Parsons and the Brickers was an accident that should be covered under the policy as an "occurrence."  Essex, on the other hand, contends that because the bar knowingly served Parsons, the car accident was a foreseeable consequence, and thus is not covered under the policy.  The term "accident" in the policy is not ambiguous.  In West Virginia, "accident" is defined as "a chance event or event arising from unknown causes."  Am. Modern Home Ins. Co. v. Corra, 671 S.E.2d 802, 806 (W. Va. 2008).

The Supreme Court of Appeals has stated that when a person "engages in conduct knowingly, that conduct clearly cannot be said to be unexpected and unforeseen from the perspective" of that person.  Id.  "[C]onduct engaged in knowingly is not an 'accident' and thus not an 'occurrence' under [the insurance] policy."  Id.  When Jenny's Mustang Sally's served Parsons, it engaged in knowing conduct.  That conduct "clearly cannot be said to be unexpected and unforeseen from the perspective of [Jenny's Mustang Sally's]."  Id.  Therefore, the automobile collision that took the life of Mr. Bricker was not an "occurrence" under the Essex policy.

Accordingly, Essex has no duty to defend or indemnify in the state court action.

C. <u>Special/Designated Premises/Project Limitation Endorsement and Combination General Endorsement</u>

While this Court finds that the absence of an "occurrence" under the policy precludes coverage, this Court finds that, in the alternative, the special/designated premises/project limitation endorsement and combination general endorsement preclude Essex's duty to indemnify and defend. Insurance policy provisions which are clear and unambiguous are not subject to judicial review or interpretation; rather, courts must give full effect to the plain meaning intended. <u>Kelly v. Painter</u>, 504 S.E.2d 171 (W. Va. 1987). The clear, plain and unambiguous language of the policy requires that bodily injury must arise out of the designated project at the premises shown on the schedule in order for coverage to apply. This language is found in the Combination General Endorsement, M/E-001 (09-07), cited above. The Supreme Court of Appeals of West Virginia addressed the same language in an insurance policy earlier this year, finding that a "Specified/Designated Premises/Project Limitation" validly qualified the type of bodily injury claims covered under a policy. <u>Blankenship v. City of Charleston</u>, 679 S.E.2d 654, 659 (W. Va. 2009).

Jenny's Mustang Sally's is located at 2613 Pennsylvania Ave., Weirton, West Virginia. The premises in the schedule is described

12

as 3166-70 Main Street, Weirton, West Virginia. Jenny's Mustang Sally's is not located at the premises designated in the schedule. Even more important is that neither the declarations nor the schedule provide that Tri-Area Amusement Company engages in operating a bar or serving alcoholic beverages. The declarations provide that Tri-Area Amusement Company is a "vending machine distributor/property owners." Serving alcohol is a risk not anticipated under the policy.

The Supreme Court of Appeals has also stated the importance of a "cautionary introductory statement." Id. The Essex insurance policy has the same language as the policy in Blankenship. Id. The policy states that "Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered." As stated by the Supreme Court of Appeals, there is no dispute that endorsements such as ME-001 are part of the policy. Id. That endorsement clearly qualifies the coverage to a project involving vending machine distribution or property ownership. The language makes clear that "the activities still must conform with the project defined in endorsement [M/E-217 (11/99)]." Id.

This Court applies the "well-established" standard that the "language in an insurance policy should be given its plain, ordinary meaning." Id. Participating in a partnership or joint venture to sell alcoholic beverages "is an activity beyond the

13

ordinary meaning or purpose of a project" defined as "vending machine distributor, property owners." Id. As the Supreme Court of Appeals has stated, "Where an insurance policy is clear and unambiguous, '[t]he court is bound to adhere to the insurance contract as the authentic expression of the intention of the parties, and it must be enforced as made where its language is plain and certain.'" Id. (quoting Keffer v. Prudential Ins. Co. of Am., 172 S.E.2d 714, 716 (W. Va. 1970). Just as the court in Blankenship could not make a new contract for the parties, this Court cannot do so here. "Because the policy did not extend insurance coverage to the type of project giving rise to the injury in question," this Court finds that Essex has no duty to defend or duty to indemnify the claim against the Brickers. Id.

D.  Liquor Liability Exclusion

Finally, this Court examines the plaintiff's third argument and again finds that coverage is precluded because of the language of the liquor liability exclusion in the policy. The liquor liability exclusion language in the Essex policy is plain, simple, and easy to understand. The Supreme Court of Appeals found that an insurance policy with an identical liquor liability exclusion contained no ambiguity. The Supreme Court of Appeals defined an ambiguous provision as one that is "reasonably susceptible of two different meanings or is of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning." Kelly,

504 S.E.2d at 174. The Supreme Court of Appeals found that the language of the liquor liability exclusion clearly states that "the insurance does not apply to bodily injury for which the insured may be liable if the insured caused or contributed to the intoxication of the person involved and the insured is in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages." Id.

As mentioned above, for the purposes of a declaratory judgment action, this Court looks to whether the allegations in the underlying complaint "are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance policy." Stanley, 602 S.E.2d at 490. The Brickers allege that Tri-State Amusement Company formed a partnership or joint venture with Jenny's Mustang Sally's LLC or the owner of that establishment. Jenny's Mustang Sally's undoubtedly is in the business of selling alcoholic beverages. In West Virginia, "members of a joint venture are. . . jointly and severally liable for all obligations pertaining to the joint venture, and the actions of the joint venture bind the individual co-venturers." Armor v. Lantz, 535 S.E.2d 737, 742 (W. Va. 2000). The contract creating the joint venture or partnership between the parties may be written or oral. Price v. Halstead, 355 S.E.2d 380, 384 (W. Va. 1987). "[E]ach venturer is liable for the unlawful acts of a co-venturer when the act is committed within the scope of the venture

and with the implied consent of the venturer." Short v. Wells Fargo Bank Minn., N.A., 401 F. Supp. 2d 549, 563 (S.D. W. Va. 2005) (citing 46 Am. Jur. 2d Joint Ventures § 42).

The Supreme Court of Appeals stated that the plain meaning of this language is that Tri-Area Amusement "would not be afforded coverage when a patron had been drinking at the bar and was involved in an accident thereby injuring . . . a third person." Kelly, 504 S.E.2d at 175. Therefore, because the existence of the partnership or joint venture places Tri-Area Amusement in the business of selling alcohol, the language of the exclusion applies.

E.   Artie H. Sauvageot and Tri-Area Amusement-South

Artie Sauvageot failed to answer or respond to the complaint. Thereafter, this Court granted the plaintiff's motion for default against Artie Sauvageot pursuant to Rule 55(a). While Artie Sauvageot lost standing and the ability to adduce evidence on his own behalf or defend himself at trial, the Rule 55(a) default did not provide the plaintiff with a judgment that it does not have to indemnify or defend Artie Sauvageot under the policy. See State Farm Mut. Auto. Ins. Co. v. Jackson, 736 F.Supp. 958, 961 (S.D. Ind. 1990) ("Courts have recognized that if an entry of a default judgment against a defendant in a multi-defendant action could result in inconsistent judgments, entry of a default judgment prior to adjudication of the merits of the case with regard to the nondefaulting defendants may be improper.") See also Frow v. De la

Vega, 82 U.S. (15 Wall.) 552 (1872); Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc., 369 F. Supp. 2d 906, 908 (E.D. Mich. 2005).

Even though the plaintiff has not filed a motion for default judgment pursuant to Rule 55(b) against Artie Sauvageot, this Court finds that Essex has no duty to defend or indemnify either Artie Sauvageot or Tri-Area Amusement Company-South for the reasons discussed above as to defendants Scott and Patricia Sauvageot d/b/a Tri-Area Amusement Company.

## V. Conclusion

This Court finds that the plaintiff has no duty to indemnify or defend in the underlying state law action because the accident that took the life of Mr. Bricker was not an "occurrence" under the policy. In the alternative, this Court finds that the plaintiff has no duty to indemnify or defend because of the language of the special/designated premises/project limitation endorsement and combination general endorsement and liquor liability exclusion. Accordingly, the plaintiff's motion for summary judgment is hereby GRANTED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      January 12, 2010

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE